# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1143V
Filed: September 24, 2024

```
* * * * * * * * * * * * *
SARA and JOSHUA STORM,            *
As parents and guardians of K.A.S., *
                                  *
          Petitioner,             *
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
          Respondent.             *
* * * * * * * * * * * * *
```

*Kathleen Loucks, Esq.*, Lommen Abdo, P.A., Minneapolis, MN, for petitioner.
*James Lopez, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On September 3, 2020, Sara and Joshua Storm ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program on behalf of their minor son K.A.S.[2] Petitioners allege that their son developed transverse myelitis ("TM") after receiving the combined diphtheria-tetanus-acellular pertussis ("DTaP")/hepatitis B ("Hep B")/inactivated polio ("IPV"), rotavirus, and/or Haemophilus influenzae type b ("Hib") vaccines on July 18, 2017 and September 12, 2017. Stipulation, filed September 24, 2024, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

Nevertheless, the parties have agreed to settle the case. On September 24, 2024, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

a. **A lump sum of $102,000.00,** which amount represents compensation for first year life care expenses and pain and suffering, in the form of a check payable to petitioners, Sara and Joshua Storm, as co-guardians of K.A.S.;

b. **A lump sum of $50,000.00,** which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Sara and Joshua Storm;

c. **A lump sum of $15,742.03,** representing reimbursement of a Wisconsin Department of Health Services lien for services rendered on behalf of K.A.S., in the form of a check payable jointly to petitioners and

> **Wisconsin Casualty Recovery**
> **5615 High Point Drive Suite 100**
> **Irving, TX 75038-9984**
> **Case: 268738**
> **Attn: Waunekee Mabone**

Petitioners agree to endorse this check to Wisconsin Casualty Recovery;

d. **An amount sufficient to purchase the annuity contract** described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARA and JOSHUA STORM, ) | |
| As parents and guardians of K.A.S., ) | |
| ) | No. 20-1143V |
| Petitioners, ) | Special Master Roth |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Sara and Joshua Storm ("petitioners"), on behalf of their minor son, K.A.S., filed a petition and an amended petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The amended petition seeks compensation for injuries allegedly related to K.A.S.'s receipt of the combined diphtheria-tetanus-acellular pertussis ("DTaP")/hepatitis B ("Hep B")/inactivated polio ("IPV"), rotavirus, and/or Haemophilus influenzae type b ("Hib") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. K.A.S. received his immunizations on July 18, 2017, and September 12, 2017.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccine(s) caused K.A.S. to suffer from transverse myelitis ("TM"), and that K.A.S. experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of K.A.S. as a result of his alleged injury.

6. Respondent denies that the vaccine(s) caused K.A.S. to suffer from TM or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $102,000.00, which amount represents compensation for first year life care expenses and pain and suffering, in the form of a check payable to petitioners as co-guardians of K.A.S.;
>
> b. A lump sum of $50,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Sara Storm and Joshua Storm;
>
> d. A lump sum of $15,742.03,[1] representing reimbursement of a Wisconsin Department of Health Services lien for services rendered on behalf of K.A.S., in the form of a check payable jointly to petitioners and
>
> > Wisconsin Casualty Recovery
> > 5615 High Point Drive Suite 100
> > Irving, TX 75038-9984
> > Case: 268738
> > Attn: Waunekee Mabone
>
> Petitioners agree to endorse this check to Wisconsin Casualty Recovery.
>
> e. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Wisconsin may have against any individual as a result of any Medicaid payments the State of Wisconsin has made to or on behalf of K.A.S. as a result of the alleged vaccine-related injury suffered on or about September 12, 2017, under Title XIX of the Social Security Act. See 42 U.S.C. § 300aa-15(g), (h).

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of K.A.S., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners for the following items of compensation available under 42 U.S.C. §300aa-15(a):

a. For future unreimbursable Insurance Maximum Out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,000.00 to be paid up to the anniversary of the date of judgment in year 2043, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b. For future unreimbursable Insurance Premium expenses, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $1,197.96 to be paid up to the anniversary of the date of judgment in year 2043, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Affordable Care Act Premium expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $4,078.08 to be paid up to the anniversary of the date of judgment in year 2044. Then, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $4,173.60 to be paid up to the anniversary of the date of judgment in year 2045. Then, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $4,329.00 to be paid up to the anniversary of the date of judgment in year 2046. Then, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $4,456.44 to be paid up to the anniversary of the date of judgment in year 2047. Then, beginning on the

anniversary of the date of judgment in year 2047, an annual amount of $4,520.16 to be paid up to the anniversary of the date of judgment in year 2048. Then, beginning on the anniversary of the date of judgment in year 2048, an annual amount of $4,615.68 to be paid up to the anniversary of the date of judgment in year 2049. Then, beginning on the anniversary of the date of judgment in year 2049, an annual amount of $4,711.32 to be paid up to the anniversary of the date of judgment in year 2050. Then, beginning on the anniversary of the date of judgment in year 2050, an annual amount of $4,771.08 to be paid up to the anniversary of the date of judgment in year 2051. Then, beginning on the anniversary of the date of judgment in year 2051, an annual amount of $4,834.80 to be paid up to the anniversary of the date of judgment in year 2052. Then, beginning on the anniversary of the date of judgment in year 2052, an annual amount of $4,866.60 to be paid up to the anniversary of the date of judgment in year 2053. Then, beginning on the anniversary of the date of judgment in year 2053, an annual amount of $4,898.52 to be paid up to the anniversary of the date of judgment in year 2054, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Affordable Care Act Maximum out of Pocket expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $4,500.00 to be paid up to the anniversary of the date of judgment in year 2054, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Medicare Part B Premium and Medicare Supplement expenses, beginning on the anniversary of the date of judgment in year 2054, an annual amount of $7,021.08 to be paid for the remainder of K.A.S.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as K.A.S. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of K.A.S.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of K.A.S. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of K.A.S.'s estate under the laws of the State of Wisconsin. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of K.A.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of K.A.S.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.A.S., upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of Wisconsin after K.A.S. has attained the age of majority, any such payment shall be paid to K.A.S. upon

submission of written documentation of the termination of guardianship to the Secretary.

18. In return for the payments described in paragraphs 8 and 13, petitioners, in their individual capacities and as legal representatives of K.A.S., on behalf of themselves, K.A.S., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of K.A.S. resulting from, or alleged to have resulted from, the vaccine(s) administered on July 18, 2017 and/or September 12, 2017, as alleged by petitioners in a petition filed on September 3, 2020, and an amended petition for vaccine compensation filed on or about November 1, 2021, in the United States Court of Federal Claims as petition No. 20-1143V.

19. If K.A.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the combined DTaP/Hep B/IPV, rotavirus, and/or Hib vaccines caused K.A.S. to suffer TM or any other injury or condition.

24. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of K.A.S.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_____
SARA STORM

**PETITIONER:**

_____
JOSHUA STORM

**ATTORNEY F R CORD FOR PETITIONE :**

_____
KATHLEEN M. LOUCKS, ESQ.
LOMMEN ABDO, P.A.
920 Second Avenue South, Suite 1000
Minneapolis, MN 55402
Tel: (612) 339-8131
email: kloucks@lommen.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.09.12 10:50:11 -04'00'
for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W 25A
Rockville, MD 20857

Dated: 9/24/24

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLM
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
JAMES Y. LOPEZ
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655
Email: james.lopez@usdoj.gov