<div style="text-align:center; color:red;">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1143
Filed: September 5, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * <br> SARA STORM and JOSHUA STORM, <br> as parents and guardians of K.A.S. <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * * | Decision on Attorneys' Fees and Costs |

*Kathleen Margaret Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for petitioners.
*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 3, 2020, Sara and Joshua Storm ("petitioners"), acting on behalf of their minor son, K.A.S., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that K.A.S. developed transverse myelitis ("TM") after receiving the combined diphtheria-tetanus-acellular pertussis ("DTaP")/hepatitis B ("Hep B")/inactivated polio ("IPV"), rotavirus, and/or Haemophilus influenzae type b ("Hib") vaccines on July 18, 2017, and September 12, 2017. Petition, ECF No. 1; Amended Petition, ECF No. 41. On September 24, 2024, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 153).

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 9, 2022, petitioners filed a Motion requesting $141,625.36 in interim attorney's fees and costs. ECF No. 81. Petitioners' motion was granted in part, and petitioners were awarded $136,325.06 in interim attorneys' fees and costs. ECF No. 100.

On January 10, 2025, petitioners filed an application for final attorneys' fees and costs.[3] (ECF No. 158). Petitioners request total attorneys' fees and costs in the amount of $130,657.06, representing $89,689.60 in attorneys' fees and $40,967.46 in attorneys' costs. Amended Fees App. at 1. Pursuant to General Order No. 9, petitioners warrant they personally incurred costs in the amount of $3,491.50 pursuing this claim. Fees App. Ex. 4 at 1. Respondent responded to the motion on January 13, 2025, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 159).

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] On January 13, 2025, petitioners amended their Motion to include the new requested rates for work performed in 2025. Amended Fees App. at 1. (ECF No. 160).

II. Discussion

A. **Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

The Lommen Abdo firm has been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See L.D. v. Sec'y of Health & Human Servs.*, No. 22–0495V, 2023 WL 2776881, at *3 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); *Halbrook v. Sec'y of Health & Human Servs.*, No. 19-1572V, 2021 WL 1193541, at *3 (Fed. Cl. Spec. Mstr. Mar. 9, 2021). Petitioners requested fees in various rates of compensation for Ms. Loucks, Ms. Torvik, and Ms. Kvilhaug, a paralegal at the firm. The rates requested are as follows:

| Name | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|
| Kathleen M. Loucks | $427 | $450 | $475 | n/a |
| Heidi M. Torvik | $320 | $365 | $370 | n/a |
| Katherine R. Kvilhaug | $153 | $161 | $175 | $185 |

*See* Amended Fees App. Ex. 1 at 2-3.[5]

The requested rates have been awarded by other Special Masters in previous decisions. *See Delaney v. Sec'y of Health & Human Servs.*, No. 21-1620V, 2025 WL 900756, at *2 (Fed. Cl. Spec. Mstr. Feb. 18, 2025) (awarding the requested rates for 2022-2025); *Larson v. Sec'y of Health*

---

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] Katherine R. Kvilhaug is a paralegal at Lommen Abdo. Amended Fees App. at 2-3.

*& Human Servs.*, No. 22-1290V, 2024 WL 4542662, at *2 (Fed. Cl. Spec. Mstr. Sept. 19, 2024) (awarding Ms. Torvik's rates for 2022-2024).

Based on the foregoing, I find the hourly rates billed by petitioners to be reasonable.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by the Lommen Abdo firm, I find that the entries are detailed, and the time spent on each matter reasonably corresponds with the work performed. Thus, the hours spent on this matter are reasonable. Therefore, petitioners are entitled to a final award of attorneys' fees in the amount of $89,689.60.

**C.     Reasonable Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $40,967.46 in costs for acquiring medical records, postage, and Westlaw research. Amended Fees App. Ex. 2 at 48-49. Petitioners also request reimbursement for the following: expert services provided by Dr. Akbari for 21.5 hours at $500.00 per hour, totaling $10,750.00; life care planner services provided by Ms. Linda Graham for 44.6 hours at $250.00 per hour, totaling $11,150.00; a consultation provided by settlement broker Ann Marie VonBank at Ringler & Associates for 2 hours at $250.00 per hour, totaling $500.00; services provided by economist,

Dr. Robert Cook for 22 hours at $300.00 per hour, totaling $6,600.00; services provided by Ms. Staci Schonbrun at Labor Market Consulting Services for 18.5 hours at $200.00 per hour, totaling $3,700.00; and a housing analysis performed by Ms. Shannon Eberlein at Modified Living Spaces for 36.7 hours at $175.00 per hour, as well as mileage, hotel, and meal expenses, totaling $6,687.99. *See id*. Some of these costs require an adjustment.

It appears that both Ms. Graham and Ms. Eberlein, respectively, billed at their full hourly rates for travel time. Ms. Graham billed 11 hours for travel to and from petitioners' home at her hourly rate of $250.00 per hour. Fees App. Ex. 3 at 104-105. Similarly, Ms. Eberlein billed 10.4 hours for travel time at her hourly rate of $175.00 per hour. *Id*. at 65. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half a professional's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Therefore, this results in a reduction of **$2,285.00**.[6]

Next, Ms. Schonbrun billed $200.00 to "Open File." *See Fees App*. Ex. 3 at 165. This charge appears to be administrative in nature and has not been substantiated by the record. Without further information, the undersigned cannot ascertain the purpose of this cost, nor its reasonableness, and it will therefore not be compensated. *See Matnzer v. Sec'y of Health & Human Servs.*, No. 22-323V, 2025 WL 1453581, at *3 (Fed. Cl. Spec. Mstr. Mar. 27, 2025) (finding that the vocational expert's charge for "Open File" had not been substantiated); *Nosches v. Sec'y of Health & Human Servs.*, No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019) (finding that there was insufficient information to establish the purpose and reasonableness of a $400.00 "File set up fee"). This results in an additional reduction of **$200.00.**

Finally, there were no receipts for the following costs billed by Ms. Eberlein:

- Hotel Shannon Eberlein - $116.84;
- Hotel Linda Graham - $116.84;
- Meals - $10.13.

*See Fees App.* Ex. 3 at 65. Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Special masters have, however, awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings . . . and were reasonable." *Erickson v. Sec'y of Health & Human Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer

---

[6] (*Ms. Graham*: 11 hours x $125 (1/2 Ms. Graham's full rate) = $1,375.00) + (*Ms. Eberlein*: 10.4 hours x $87.50 (1/2 Ms. Eberlein's full rate) = $910.00) = $2,285.00.

5

research even though no documentation was provided). Although there was no documentation provided to support the costs outlined above, these costs seem reasonable; thus, the undersigned will grant them as billed. Counsel is cautioned that a failure to provide sufficient documentation in the future may result in a reduction of the costs awarded.

Petitioners have provided adequate documentation supporting the remaining requested costs, and all appear reasonable in the undersigned's experience. Accordingly, petitioners are entitled to final attorneys' costs in the amount of $38,482.46.

### D.    Reasonable Petitioners' Costs

Petitioners request $3,491.00 in personal costs related to them retaining the law firm of Grosskopf & Burch, LLC for the purpose of establishing a Wispact Trust for their son. *Fees App* Ex. 4 at 1. This amount includes a flat rate of $2,000.00 charged by Attorney Peter Grosskopf to establish the trust, a flat rate of $500 for the individual spending plan, and an additional 3.4 hours billed for services related to the trust. *Id*. at 4. Petitioners have provided adequate documentation supporting their personal costs, and they are therefore awarded the full amount sought.

### III. Conclusion

In accordance with the foregoing, petitioners' motion for attorneys' fees and costs is **GRANTED IN PART**. The undersigned hereby awards the following:

1) **A lump sum of $128,172.06, representing reimbursement for petitioners' attorneys' fees and costs, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement.**

2) **A lump sum of $3,491.00, representing reimbursement for petitioners' personally incurred litigation costs, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<div style="text-align: right;">
**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
</div>

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).